**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN G. GARNER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WOOD, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-001583-LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 13)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

**Screening Order**

**I.     Screening Requirement**

　　Plaintiff Kevin G. Garner ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 30, 2007. Pending before the Court is Plaintiff's amended complaint, filed October 3, 2008.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4 plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6 grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading
7 standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
8 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
9 of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
10 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

11 **II.     Plaintiff's Eighth Amendment Conditions of Confinement Claim**

12  Plaintiff is currently housed at the California Substance Abuse Treatment Facility in
13 Corcoran. The events giving rise to the claims at issue in this action allegedly occurred at Avenal
14 State Prison. Plaintiff alleges a violation of the Eighth Amendment of the United States Constitution
15 stemming from prison officials' failure to provide safe living conditions. Plaintiff names Sergeant
16 Wood, Correctional Officer Martinez and Correctional Officer Block as defendants. Plaintiff seeks
17 money damages.

18  Plaintiff alleges that on November 11 and 12, 2005, he and other inmates informed
19 defendants Martinez and Block that during shower hours water was left standing on the tier floor and
20 down the steps of the stairs, created an "unsafe, hazardous and unsanitary living condition". (Doc.
21 13, p.3, Section IV). Plaintiff alleges that defendants failed to supervise the inmate workers
22 responsible for mopping the floor. Plaintiff alleges that defendants Martinez and Block refused to
23 place yellow caution signs around the wet area. Plaintiff alleges that all three defendants were
24 deliberately indifferent and negligent, and that their negligence is the proximate cause of his lower
25 back and sciatic nerve damage. Plaintiff states that he now suffers from partial paralysis on his left
26 side and requires a wheelchair to ambulate.

27  "The Eighth Amendment's prohibition against cruel and unusual punishment protects
28 prisoners not only from inhumane methods of punishment but also from inhumane conditions of

confinement." <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" <u>Id</u>. (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8, 112 S.Ct. 995 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." <u>Id</u>. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." <u>Id</u>. (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." <u>Farmer</u>, 511 U.S. at 837.

Mere negligence is not deliberate indifference. <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005). Further, Plaintiff's allegation that the floors of the prison were left wet, which presumably caused Plaintiff's injuries, does not amount to an extreme deprivation sufficient to support an Eighth Amendment claim. <u>Hudson</u>. The deprivation alleged by plaintiff is not, objectively, "sufficiently serious". <u>Farmer</u> at 834. Although Plaintiff alleges that he suffered significant injury, his claim as pled does rise to the level of a constitutional violation.

///

///

///

3

### III. Conclusion and Recommendations

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under federal law. Defendants' alleged failure to ensure that the floors were kept dry during shower time does not rise to the level of an Eighth Amendment violation. Out of an abundance of caution, Plaintiff was previously provided with an opportunity to amend his complaint, and he still is unable to state any cognizable claims under federal law against defendants. For these reasons, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 26, 2009**           /s/ **Dennis L. Beck**
                            UNITED STATES MAGISTRATE JUDGE