# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN G. GARNER, | CASE NO. 1:07-cv-01583 LJO DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR STAY AND MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | ORDER GRANTING EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS |
| AVENAL STATE PRISON, et al., | |
| Defendants. | (Doc. 15) |

Plaintiff Kevin G. Garner ("plaintiff") is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On February 27, 2009, the undersigned issued a Findings and Recommendations recommending dismissal of this action, with prejudice, for failure to state a claim upon which relief may be granted. On April 6, 2009, Plaintiff filed an Objection. (Doc. 15).

Although titled as Plaintiff's objections, Plaintiff's filing is not a proper objection but rather a motion for the appointment of counsel and a motion for a one year stay of this action.

**Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional

1

circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice

**One Year Stay of Proceedings**

Plaintiff has also requested a one year stay of this action to allow him time to either obtain counsel or conduct legal research. Plaintiff has not demonstrated sufficient reason to stay this action and his motion is DENIED.

The court will provide plaintiff with an additional thirty days to file objections to the Findings and Recommendations filed on February 27, 2009. Plaintiff is warned that the objections must consist only of plaintiff's objections to the Findings and Recommendations. Plaintiff may not combine any other motion with the objections. If plaintiff wishes to file a motion, plaintiff must do so in a separate filing, although the filings can be submitted to the court at the same time.

///
///
///
///

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel is denied without prejudice;
2. Plaintiff's request for a one year stay of this action is denied; and
3. Plaintiff's objections to the Findings and Recommendations filed on February 27, 2009, if any, must be filed within thirty (30) days from the date of service of this order; and
4. If plaintiff's fails to file objections within thirty days, the Findings and Recommendations filed on February 27, 2009 shall be submitted to the assigned District Judge for consideration.

IT IS SO ORDERED.

Dated: **April 22, 2009**  /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE